UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTIONETTE HAMILTON, | CASE NO. 5:09CV202 |
| Plaintiff, | MAGISTRATE JUDGE GEORGE J. LIMBERT |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

Antionette Hamilton ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), finding her no longer disabled and therefore no longer entitled to Supplemental Security Income ("SSI"). ECF Dkt. #1. Plaintiff asserts that the Administrate Law Judge ("ALJ") erred in: (1) declaring her a non-essential witness and proceeding to make a decision without obtaining her testimony and (2) finding that her only severe psychological impairment was depression. ECF Dkt. #16 at 11, 12. For the following reasons, the Court AFFIRMS the ALJ's decision.

I.  **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff received SSI as a child based upon a 1999 diagnosis of bipolar disorder with psychotic features. Tr. at 81. Upon reaching the age of 18, and pursuant to Title XVI of the Social Security Act, the SSA reassessed Plaintiff's disability status and determined her to be no longer disabled as of October 1, 2003. *Id*. at 67-70. Plaintiff filed a request for reconsideration of the termination of her SSI benefit and on June 21, 2004, a hearing was held before a Disability Hearing Officer ("DHO"). *Id.* at 71-72. The DHO issued a decision on July 1, 2004 finding that Plaintiff was not disabled. *Id*. at 72-87.

On July 20, 2004, Plaintiff filed a request for a hearing by an ALJ. Tr. at 91-92. On May 18, 2006, an ALJ convened an administrative hearing, noting that Plaintiff was not present and had no representative at the hearing. Tr. at 388. Medical Expert Daniel Schweid was present at the hearing, as well as Vocational Expert Gene Burkhamer. *Id*. After noting that Plaintiff was not present, the ALJ thereafter indicated that Dr. Schweid was not under oath, but proceeded to present what the ALJ deemed to be a hypothetical question to him. *Id*. The ALJ asked whether Plaintiff had an impairment that met or equaled any of the impairments in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. Dr. Schweid responded that Plaintiff did not meet or equal a listed impairment. *Id*. The ALJ then asked Dr. Schweid hypothetically whether Plaintiff had an impairment so severe that it would cause her to miss work, leave work early or arrive to work late more than twice a month. *Id*. at 389. Dr. Schweid responded no. *Id*. The ALJ then indicated that he could not declare Plaintiff a non-essential witness and go forward, so he would issue a notice to show cause. *Id*.

The ALJ apparently issued a notice to show cause[1] and Plaintiff responded, explaining that she was unable to attend the hearing because she was incarcerated and had to report to Oriana House for pre-trial release on the date of the hearing or she would be re-incarcerated. Tr. at 105. The ALJ rescheduled the hearing for August 1, 2006 and at that hearing, Plaintiff, Medical Expert Dr. Schweid, and Vocational Expert Deborah Lee, appeared. *Id.* at 50, 391. The ALJ noted that Plaintiff was not represented at the hearing and informed her that she had the right to be represented by an attorney or non-attorney. *Id*. at 391. He indicated that he would continue the hearing if Plaintiff wished to secure a representative and Plaintiff responded that she would like to do so. *Id*. at 395. The ALJ cautioned Plaintiff that since this hearing had been rescheduled before, it would not be as easy to obtain another postponement. *Id*. at 396.

The hearing was rescheduled for November 16, 2006 and notice was sent to Plaintiff. Tr. at 41. Dr. Schweid appeared as the medical expert and Kathleen Reis appeared as the vocational

---

[1] As Plaintiff indicates in her brief, no notice to show cause order appears in the record for the May 18, 2006 hearing, but apparently one was issued since Plaintiff responded in writing.

-2-

expert. *Id.* at 398. The ALJ explained that his assistant received a phone call from Plaintiff earlier in the day and she indicated that she was aware of the hearing but was unable to attend because of transportation problems. *Id.* at 400. The ALJ noted Plaintiff's prior hearings, including the May 18, 2006 hearing which she did not attend, and the August 1, 2006 hearing which she attended and requested time in which to obtain a representative. *Id.* The ALJ also noted another scheduled hearing on September 20, 2006 which did not occur, and the instant hearing, which Plaintiff did not attend. *Id.* at 401. The ALJ confirmed with Dr. Schweid his prior opinion that Plaintiff had no impairment that met or equaled the listings and nothing indicating a residual functional capacity ("RFC") with substantial absenteeism. *Id.*

The ALJ stated that he could not declare Plaintiff to be a non-essential witness, so he would issue another notice to show cause. Tr. at 401. On November 30, 2006, the ALJ issued the notice for Plaintiff's failure to appear at the hearing. *Id.* at 40. The notice informed Plaintiff that she had to send a written statement by December 8, 2006 giving the ALJ a good reason why she failed to appear for the hearing. *Id.* Plaintiff submitted a response to the notice, indicating that she missed her "10/16/06" hearing because she had transportation problems and the counsel she thought was representing her withdrew and she had an appointment with potential new counsel on December 12, 2006. *Id.* at 132-133.

The hearing was again rescheduled to June 6, 2007. Tr. at 30. At that hearing, Dr. Schweid and Ms. Reis again appeared. Tr. at 403. Counsel for Plaintiff also appeared, but Plaintiff did not. *Id.* at 405, 419. The ALJ asked Plaintiff's counsel to present argument on Plaintiff's behalf. *Id.* at 406. Plaintiff's counsel[2] indicated that Plaintiff continued to be disabled as no medical improvement had occurred in her mental health conditions. *Id.* at 407. Counsel pointed to treatment records showing that Plaintiff still suffered from bipolar disorder, continued to hear voices, had bouts with significant anger and irritability, and had very poor judgment. *Id.*

---

[2] The Court notes that the transcript erroneously indicates that the ALJ is talking when it is Plaintiff's counsel doing so since argument is being made in favor of continuing Plaintiff's social security benefits. Tr. at 407.

The ALJ then took testimony from Dr. Schweid, who indicated that Plaintiff was 22 years old at the time of the hearing, and was single with three or four children, two of whom were living with her. Tr. at 409. Dr. Schweid described Plaintiff's history and diagnoses as a child and then reviewed her more current medical records and diagnoses. *Id*. at 411. Dr. Schweid concluded:

> So this is a young lady who diagnostically is a little confusing, because there was - - originally her behavior problems seemed to be the most important difficulty. Later she finally acquired a more certain diagnosis of bipolar disorder and then the behavior problems became rule outs which I think - - I really think there has probably been no change with regard to what her actual behavior has been, but - -

*Id*. at 412-413. The ALJ then interrupted and indicated that he was going to proceed with a RFC and speak with the vocational expert. *Id*. at 413.

The ALJ asked Ms. Reis if her testimony would be consistent with the Dictionary of Occupational Titles ("DOT") and the Selected Characteristics of Occupations ("SCO") and she responded that it would. Tr. at 413. The ALJ presented a hypothetical person with Plaintiff's age, less than a high school education, no exertional, postural or manipulation limitations, who could perform non-complex, low-stress, low-production quota and paced tasks with no bargaining, negotiating or mediating and minimal contact with the public. *Id.* at 414. Ms. Reis identified the DOT jobs of kitchen helper, car washer, and housekeeper/cleaner. *Id*. at 415-416.

Plaintiff's counsel questioned Ms. Reis, adding to the ALJ's hypothetical person a restriction of minimal contact with supervisors and co-workers in addition to the public. *Id*. at 417. Ms. Reis testified that the car washer and housekeeper/cleaner jobs would still be available to the hypothetical person. *Id.* Plaintiff's counsel added an average of at least one negative explosive confrontation per week by the hypothetical person with either a coworker or supervisor. *Id*. at 418-419. Ms. Reis indicated that this person would most likely be fired after the first confrontation. *Id*. at 419.

The ALJ concluded the hearing, indicating to Plaintiff's counsel that if Plaintiff contacted her and "was caught up in traffic or there was an accident," the ALJ would understand and "do the right thing." Tr. at 419. Absent that, that ALJ indicated that Plaintiff was not a necessary witness and thus concluded the hearing. *Id*.

On June 13, 2007, the ALJ issued his decision, finding that Plaintiff was no longer disabled as of October 1, 2003. Tr. at 27. Plaintiff requested review of the ALJ's determination and her

-4-

counsel submitted additional medical records for review by the Appeals Council. *Id.* at 8-11. With her request for review of the ALJ's decision, Plaintiff indicated that she was unable to attend the hearing because she has four children and no one was able to watch them while she attended the hearing and she had money for bus fare only for herself. *Id.* at 16. On December 8, 2008, the Appeals Council denied Plaintiff's request for review, finding no basis to review the ALJ's decision. *Id.* at 8-11.

On January 29, 2009, Plaintiff filed a complaint in this Court and Defendant thereafter filed an answer. ECF Dkt. #s 1, 13. The parties consented to the jurisdiction of the undersigned on March 6, 2009. ECF Dkt. #9. On July 13, 2009, Plaintiff, through counsel, filed a brief on the merits. ECF Dkt. #16. On September 23, 2009, Defendant filed a brief on the merits. ECF Dkt. #19. Plaintiff filed no reply.

## II. **STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS**

Once a social security claimant reaches the age of 18, her claim becomes subject to a new redetermination under adult standards for disability, using the rules for determining initial eligibility, rather than any medical improvement standard. 20 C.F.R.§ 416.987. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (§§20 C.F.R. 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (§§20 C.F.R. 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see §§20 C.F.R. 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (§§20 C.F.R. 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (§§20 C.F.R. 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (§§20 C.F.R. 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden of going forward

with the evidence at the first four steps and the Commissioner has the burden at Step Five to show that alternate jobs in the economy are available to the claimant, considering her age, education, past work experience and RFC.  *See Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### III.   STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Therefore, this Court is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards.  *See Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).  The Court cannot reverse the ALJ's decision, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion.  *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion.  *See id.; Walters,* 127 F.3d 525, 532 (6th Cir. 1997).  Substantiality is based upon the record taken as a whole.  *See Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365 (6th Cir. 1984).

### IV.   ANALYSIS

#### A.   NON-ESSENTIAL WITNESS AND PROCEEDING WITH THE HEARING

The Court addresses Plaintiff's second assertion of error first.  Plaintiff asserts that the ALJ committed error when he declared Plaintiff to be a non-essential witness and proceeded with the hearing in her absence.  ECF Dkt. #16 at 12-13.  As support, Plaintiff notes that the ALJ stated on several occasions throughout the hearing that proceeding without Plaintiff's testimony was problematic.  *Id*. at 13.  Plaintiff also notes the ALJ's statement to her counsel at the end of the hearing that he would "do the right thing" if a sufficient reason were given for Plaintiff's absence from the hearing. ECF Dkt. #13 at 16.  Plaintiff indicates that she gave good reasons for her absence

in her request for review of the hearing decision when she stated that she was unable to attend because of a lack of available care for her children and inability to pay for the children to ride the bus with her to the hearing. *Id.* It is further suggested that Plaintiff's psychological conditions may have contributed to her inability to properly plan to attend the hearing. *Id.*

Plaintiff cites no law supporting a reason to find error with the ALJ's determination that she was a non-essential witness. In fact, Plaintiff cites no law whatsoever in her assertion. Despite Plaintiff's lack of legal support for her assertion, the Court notes that due process principles apply to Social Security proceedings. *Suciu v. Barnhart*, 405 F.Supp.2d 874, 880 (M.D. Tenn. 2005). Due process requires that the claimant receive meaningful notice and the opportunity to be heard before the ALJ or the agency can deny a claim for disability benefits. *Stoner v. Sec'y of Health and Human Servs.*, 837 F.2d 759, 760-61 (6th Cir. 1988). The social security regulations provide that any party to a hearing has a right to appear before an ALJ, either personally or through a designated representative, and has a right to present evidence and to state her position. 20 C.F.R. § 416.1450(a). A claimant can waive her right to appear, however. 20 C.F.R. § 416.1450(b). Pursuant to Social Security Ruling ("SSR") 79-19 provides that a valid waiver of a right to appear at a hearing is made when a claimant signs a statement to that effect.

Section 1-2-425(D) of the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") is entitled "Claimant's Representative Appears at Hearing Without the Claimant" and provides in relevant part:

> If a claimant's representative appears at a scheduled hearing without the claimant, the ALJ must determine whether the claimant is an essential witness for a proper determination of the case.
>
> 1. If the claimant is not considered to be an essential witness, the ALJ should proceed with the hearing and issue the decision.
>
> 2. If an ALJ determines that claimant is an essential witness, the ALJ should offer to postpone the hearing so that the claimant may appear.
>
> ....
>
> NOTE: If a representative appears at a scheduled hearing without the claimant, dismissal is not appropriate even if the ALJ has determined that the claimant is an

-7-

      essential witness.

Although it is not clear whether the HALLEX provisions are legally enforceable on their own in Sixth Circuit, the Sixth Circuit has given effect to some of the guidelines. *Suciu,* 405 F.Supp.2d at 880, citing *Kirves v. Callahan,* 113 F.3d 1235 (6th Cir.1997), unpublished and *Adams v. Massanari*, 55 Fed. Appx. 279, 283-287, 2003 WL 173011, at *4-8 (6th Cir. Jan. 23, 2003), unpublished.

    The Court finds that the ALJ erred in finding Plaintiff to be a non-essential witness. The record contains outdated medical information and no evidence quantifying her functional limitations resulting from her bipolar disorder, the impairment for which she had been receiving SSI as a child. The Court notes that the ALJ relied upon 2003 and 2004 medical records, but issued his decision in 2007. Without medical information quantifying her functional limitations, and without Plaintiff testifying as to whether her functional limitations had changed, the ALJ erred in declaring Plaintiff to be a non-essential witness.

    However, the Court finds that the ALJ's error in finding Plaintiff to be a non-essential witness is harmless because the Court finds that due process principles were not violated. The procedural history of this case shows that Plaintiff was afforded numerous opportunities to appear at hearings and present additional evidence. With each hearing that was rescheduled, a notice of hearing form was mailed to Plaintiff. Each notice of hearing form and request for hearing mailed to Plaintiff indicated that if she could not appear at the scheduled hearing, she should call the office immediately to reschedule. *Id*. at 30-32, 41-43, 56-57. Each notice further indicated that Plaintiff could submit additional evidence if desired. 30-32, 41-43, 56-57, 91. Plaintiff requested a hearing after the DHO upheld the decision denying her adult SSI and she requested a hearing. Tr. at 91. However, Plaintiff did not appear at the May 18, 2006 hearing and she indicated in a response to a notice to show cause order that she missed the hearing because she had to report to Oriana House for pre-trial release on the date of the hearing or face re-incarceration. *Id*. at 105. Plaintiff did show for the next scheduled hearing, but then requested representation. *Id*. at 391. The ALJ rescheduled the hearing so that Plaintiff could

-8-

obtain representation, but cautioned her that it would be difficult to postpone another hearing or reschedule it again. *Id*. at 398. Yet Plaintiff failed to appear for this hearing, indicating that she had transportation problems. *Id*. at 398, 400. The ALJ again rescheduled the hearing, which resulted in the instant hearing, and Plaintiff again failed to appear. Plaintiff failed to advance a reason for missing the hearing until after the ALJ issued his decision denying her benefits, in which she indicated an inability to find care for her children or to pay for all of them to take the bus. *Id*. at 16.

In total, Plaintiff failed to appear for three hearings before an ALJ that was willing and able to take her testimony, admit new evidence, and decide her case. Further, Plaintiff had counsel at this last scheduled hearing and counsel did not object to going forward with the hearing in Plaintiff's absence. Tr. at 410-419. In fact, it appears that the ALJ and Plaintiff's counsel believed that Plaintiff would show for the hearing. *Id.* at 405-406. The Court finds that Plaintiff was provided adequate and numerous notices and opportunities to appear at the hearings and to present additional evidence.

It is suggested that perhaps Plaintiff's mental impairments contributed to her failure to attend this latest hearing. ECF Dkt. #16 at 13. However, Plaintiff's counsel presented no such theory at the hearing and no medical evidence substantiates a condition that shows an impact on Plaintiff's ability to respond to a notice of hearing or to contact the SSA if she was unable to attend. In fact, Plaintiff had responded to two prior scheduled hearings and explained her absence from the last hearing. Tr. at 55, 105, 133. Further, Plaintiff had telephoned the SSA office immediately prior to one of the other scheduled hearings in order to explain why she would not be attending. *Id*. at 400. Additionally, Plaintiff could have presented evidence from other sources, such as current medical records or testimony from fact witnesses such as relatives.

Accordingly, the Court finds that while the ALJ erred in finding Plaintiff to be a non-essential witness, her due process rights were not violated by his proceeding with the hearing and issuing a decision in her absence.

### **B**.     **DEPRESSION AS ONLY PSYCHOLOGICAL IMPAIRMENT**

Plaintiff also asserts that the ALJ erred in finding that her only psychological impairment was depression when the record as a whole showed additional mental problems, including disruptive behavior disorder, borderline intellectual functioning and borderline traits.  ECF Dkt. #16 at 11-12. Plaintiff challenges the ALJ's failure to discuss these other conditions and his failure to explain why he did not find them severe.  *Id*.

At step two of the sequential analysis of entitlement to social security benefits, the ALJ determines whether a claimant's impairments are severe and whether he meets the twelve-month durational requirement.  20 C.F.R. § 404.1520(a).  At this step, the claimant bears the burden of proving the threshold requirement of a "severe impairment." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).  The claimant must show that she suffered from medically severe impairments that lasted or could be expected to last for a continuous period of at least twelve months. *Id.*

Here, the ALJ found at step two that Plaintiff's depression was her only severe impairment.  Tr. at 22.  However, an ALJ does not commit reversible error in failing to find a specific impairment severe at step two if he finds a severe impairment on any condition and nevertheless proceeds through the sequential analysis and considers the other impairments in his residual functional capacity (RFC) determination.  *See Maziarz v. Sec'y of Health and Human Servs*., 837 F.2d 240, 244 (6th Cir. 1987).  Thus, if the ALJ considered Plaintiff's other psychological impairments in determining her RFC, the ALJ's step two analysis is not reversible error. *See* SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' " ); 20 C.F.R. § 416.925(a)(2) ("If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 416.920(c), 404.921, and 416.923, when we assess your residual functional capacity.").

In determining her RFC, it appears that the ALJ considered the other psychological impairments that Plaintiff advances in her brief. In determining Plaintiff's RFC, the ALJ relied upon Dr. Leidal's consultative examination findings, which were based upon diagnoses of disruptive behavior disorder, not otherwise specified, depressive disorder, not otherwise specified, and borderline intellectual functioning. Tr. at 24, 298-302. Based upon these diagnoses, Dr. Leidal found slight impairment in Plaintiff's abilities to: relate to others such as co-workers and supervisors; work near others without being distracted; maintain attention to simple work; and adaptability. *Id*. at 301-302. Dr. Leidal further found moderate impairment in Plaintiff's abilities to: recall and remember tasks; sustain an ordinary routine without supervision; persistence and pace in completing routine daily work-related tasks; and understand, remember and execute more detailed instructions. *Id*. He found that Plaintiff was slightly to moderately impaired in adapting to the work environment and tolerating the daily stressors of the workday. *Id*. at 302. Plaintiff was deemed markedly impaired in understanding, comprehending and carrying out more complex levels of instruction and direction. *Id*. Dr. Leidal found no impairment in Plaintiff's abilities to: maintain attention to and execute simple work-related tasks; follow short, simple instructions; perform tasks within a schedule; and to be prompt for work. *Id.*

In his RFC determination, the ALJ mirrored Dr. Leidal's opinions as to her limitations. Tr. at 23. He found that Plaintiff had the RFC to perform simple tasks with no bargaining, negotiation or mediation, no more than low production quotas or pace and work involving no more than minimal interaction with the public. *Id*. Accordingly, the ALJ did consider the limitations of Plaintiff's other impairments although he did not find them severe at step two. The ALJ also considered the opinions of the other mental health sources in the record in determining Plaintiff's RFC. He considered the opinions of Dr. Collins, the state agency psychological consultant, who made findings as to Plaintiff's limitations that were consistent with those of Dr. Leidal, except for Plaintiff's ability to socially interact. *Id*. at 24-25. Dr. Collins had concluded that Plaintiff had marked limitations in social functioning, but the ALJ discounted this finding as

-11-

inconsistent with that of Dr. Leidal, the psychologist who actually examined Plaintiff and found less severe limitations in the social functioning aspect. *Id*. at 25. The ALJ also considered the limitations set forth by Dr. Zwissler, which were consistent with those of Drs. Leidal and Collins, except in the area of social functioning. *Id*. Dr. Zwissler, a state agency psychological consultant, found that Plaintiff had only mild limitations in social interaction and the ALJ found that this conclusion understated Plaintiff's limitation in this area based upon aggregated clinical findings of record. *Id*. Again, the ALJ assigned greater weight to the findings and conclusions of Dr. Leidal, who had examined Plaintiff. For these reasons, substantial evidence supports the ALJ's RFC for Plaintiff and that RFC adequately considered and applied the limitations resulting from Plaintiff's other impairments.

While not raised by Plaintiff, the Court is concerned about the ALJ's lack of discussion regarding Plaintiff's bipolar disorder, the diagnosis for which she had been receiving childhood social security benefits. The ALJ discussed this condition only briefly, when he noted that medical records from Portage Path Behavioral Health in 2007 made this diagnosis "by history only." Tr. at 25. The ALJ is correct in his assertion and the record fails to establish this condition by clinical diagnosis. Further, no resulting limitations are advanced and while the psychiatric evaluation at Portage Path mentioned Plaintiff's self-reported behaviors that may impact her ability to work (lack of sleep, anger problems, under stress), these behaviors and any limitations resulting therefrom were not detailed or quantified (*e.g*. mild, moderate, marked). *Id*. at 348. In addition, Plaintiff does not advance an argument as to this condition in her brief, and she failed to provide medical evidence establishing this diagnosis or any resulting limitations, and she failed to appear at the hearings in order to discuss this condition. Accordingly, the Court finds that the ALJ adequately addressed this condition based upon the evidence presented to him at the hearing.

## V. CONCLUSION

For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's decision and therefore AFFIRMS the ALJ's decision.

IT IS SO ORDERED.

DATE: January 28, 2010 */s/ George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE